IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           Crim. No. 20-1486 KG

DONALD ALFRED BUSCH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Dismiss Charges Against Donald A. Busch for Lack of Subject Matter Jurisdiction (Motion to Dismiss), filed July 6, 2021.[1] (Doc. 129). The United States filed a response on July 20, 2021. (Doc. 145). Having considered the briefing, the Superseding Indictment (Doc. 93), the controlling law, and for the following reasons, the Court denies the Motion to Dismiss.

*I. The Superseding Indictment*

This case involves the taking of a motorcycle resulting in the death of J.S. Only Counts 1, 2, and 4 are relevant to this Motion to Dismiss.

Count 1 charges conspiracy to commit carjacking against all Defendants. Count 1 alleges that from May 27, 2019, to May 28, 2019, Defendants "were at a mobile home on a property shared by" Barnes and Defendant Tyson Lee Terrell. (Doc. 93) at 2. While there, Defendant Donald Alfred Busch allegedly "solicited the assistance of" Barnes, Jehra Lynn Hedgecock,[2] and Terrell to go "to J.S.'s home to physically assault J.S. and take one of J.S.'s motorcycles." *Id.*

---

[1] Defendant Stetson Shane Barnes joins in this Motion to Dismiss. (Doc. 136).

[2] Hedgecock has since pled guilty to the charges brought against her in this case. (Doc. 157).

According to Count 1, "Hedgecock agreed to use her truck to transport the motorcycle that the group intended to take from J.S." *Id.*

Count 1 further alleges that on May 28, 2019, Hedgecock drove Barnes, Busch, and Terrell "to J.S.'s home where they intended to physically assault J.S. and take one of J.S.'s motorcycles." *Id.*  Hedgecock purportedly "knocked on the front door of J.S.'s home in an attempt to draw J.S. out of his home." *Id.* at 3.  Meanwhile, Busch allegedly found the motorcycle "he intended to take under J.S.'s carport and began the process of pushing the motorcycle off of J.S.'s property." *Id.*

Count 1 alleges that when J.S. exited his home Barnes, Hedgecock, and Busch each pointed a firearm at J.S.  *Id.*  At the same time, Terrell supposedly "unsuccessfully attempted to jumpstart a different motorcycle while standing under J.S.'s carport." *Id.*  According to Count 1, after Barnes, Hedgecock, and Busch pointed their firearms at J.S., "Hedgecock got into the driver's seat of her truck;" "Terrell got into the front passenger seat of" the truck; "Barnes got into the back seat of" the truck; and "Busch pushed the stolen motorcycle off of J.S.'s property." *Id.*

Count 1 also alleges that as Hedgecock drove away from J.S.'s home, "Barnes fired multiple rounds of ammunition from the back seat of … Hedgecock's truck into J.S.'s home." *Id.*  "One of those rounds of ammunition" allegedly "struck and killed J.S." *Id.*  Hedgecock then purportedly "stopped her truck on the side of the road" so Barnes and Terrell could help Busch load the stolen motorcycle onto the bed of Hedgecock's truck.  *Id.* at 4.  Finally, Count 1 alleges that Hedgecock drove Barnes, Busch, and Terrell back to Barnes' mobile home. *Id.*

Count 2 charges all Defendants with carjacking as well as aiding and abetting.  Finally, Count 4 charges Busch with brandishing a firearm in relation to the carjacking offense.

2

## II. The Motion to Dismiss

Busch seeks to dismiss the charges brought against him in Counts 1, 2, and 4 of the Superseding Indictment, namely the carjacking charge and the charges predicated on the offense of carjacking. Busch argues first that the United States has failed to state an offense of carjacking. Consequently, Busch concludes that the carjacking charge and the charges predicated on the carjacking offense are subject to dismissal under Fed. R. Crim. P. 12(b)(3)(B)(v). Second, Busch argues that since there is not a prosecutable federal offense of carjacking, the Court lacks subject matter jurisdiction to hear the carjacking related charges. The United States opposes the Motion to Dismiss in its entirety.

## III. Discussion

### A. Rule 12(b)(3)(B)(v) Standard

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment satisfies this standard "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (citation omitted).

A defendant may file a pretrial motion alleging a defect in the indictment, including failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). When a defendant files such a pretrial motion, the reviewing court should determine "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (citing *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006)). In its analysis, the court must generally look to the plain language of the indictment and

ignore extrinsic factual evidence or attached exhibits.  *See Todd*, 446 F.3d at 1067 (explaining that "[c]ourts should [ ] avoid considering evidence outside the indictment when testing the indictment's legal sufficiency").  Moreover, a reviewing court should employ "practical rather than technical considerations."  *Dashney*, 117 F.3d at 1205.

    B.  *Sufficiency of the Carjacking Charge*

The offense of carjacking occurs when

> [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so….

18 U.S.C. § 2119.  Busch argues that the allegations in the Superseding Indictment do not establish the "from the person or presence of another" element of carjacking.  Busch contends that the United States only "alleges that the victim was in his home and that the motorcycle was taken from the carport." (Doc. 129) at 2.  Busch also contends that "[t]here is no allegation that the motorcycle was within the reach, inspection, or control of the alleged victim." *Id.*  Busch, therefore, concludes that the allegations in the Superseding Indictment are insufficient to state an offence of carjacking as well as to state any of the offenses predicated on carjacking.

    A vehicle "is stolen from the 'presence' of an individual if 'the victim [is] sufficiently near to the vehicle for it to be within reach, inspection, or control and, absent threat or intimidation, to be able to maintain control of it.'"  *United States v. Brown*, 200 F.3d 700, 705 (10th Cir. 1999) (citation omitted).  Section "2119 does not require 'that the property be within easy touch' so long as 'the car was close enough for the victim[ ] to have prevented its taking had fear of violence not caused [the victim] to hesitate.'"  *Id.* (citation omitted).

    Here, the United States alleges in the Superseding Indictment that "Busch located the motorcycle he intended to take under J.S.'s carport and began the process of pushing the

motorcycle off of J.S.'s property." (Doc. 93) at 3.  Then, "when J.S. emerged from his home," Barnes, Hedgecock, and Busch "each pointed a firearm at J.S." *Id*.  Taking those allegations as true, it is clear that (1) Busch and the targeted motorcycle were under the carport outside of J.S.'s house; and (2) when J.S. came out of his house, Busch saw J.S. and pointed a firearm at J.S.

One can reasonably infer from those allegations that Busch intended J.S., who was outside his house, to see the firearm.  For Busch's firearm to be visible to J.S., J.S. must have been physically near the carport and the motorcycle, where Busch was located.  *See, e.g., United States v. Holman*, 446 Fed. Appx. 757, 763 (6th Cir. 2011) (discussing *United States v. Kimble*, 178 F.3d 1163 (11th Cir. 1999) which upheld carjacking conviction noting that victim's "car was not several miles away, but parked right outside the restaurant"); *United States v. Casteel*, 663 F.3d 1013, 1020 (8th Cir. 2011) (concluding that reasonable jury could find "presence" element when victim's car was in driveway, 20 feet from victim's house, and victim was "forcibly confined to a chair" in her house); *United States v. Davis,* 233 Fed. Appx. 292, 295 (4th Cir. 2007) (finding that "although the victim was not inside or immediately next to his car, the vehicle remained proximate to him in the driveway just outside his home"); *United States v. Lake*, 150 F.3d 269, 272-73 (3d Cir. 1998) (finding "presence" where victim was on beach and vehicle was on pathway above beach and out of victim's sight).  That being so, the motorcycle was within J.S.'s "reach, inspection, or control." *Brown*, 200 F.3d at 705; *see also Casteel*, 663 F.3d at 1020 (finding that victim controlled car in her driveway until defendant "broke into her home" and stole her keys at gunpoint).  Furthermore, had it not been for Barnes, Hedgecock, and Busch each pointing a firearm at J.S., as alleged in the Superseding Indictment, J.S. could have maintained control of the motorcycle.  *See Casteel*, 663 F.3d at 1020 (finding that had victim not

5

been under defendant's "control and afraid to move from the chair, 'she could have easily walked out the door … and driven away in her car, thus preventing [defendant] from taking it'"); *United States v. Edwards*, 231 F.3d at 993, 937 (5th Cir. 2000) (finding that had victim "*not* been in fear for his safety …, he could have quickly reached his vehicle[, which was parked 15 feet away,] and prevented [defendant] from taking it"). The Court, therefore, concludes that the United States has sufficiently alleged the "from the person or presence of another" element of the offense of carjacking. Hence, the allegations in the Superseding Indictment are sufficient to state an offence of carjacking and to state the offenses predicated on the carjacking charge. It follows then that the Court also has subject matter jurisdiction over the above charges based on the carjacking offense. For the above reasons, the Court denies the Motion to Dismiss.

   IT IS ORDERED that the Motion to Dismiss Charges Against Donald A. Busch for Lack of Subject Matter Jurisdiction (Doc. 129) is denied.

_____
UNITED STATES DISTRICT JUDGE